## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LINDA CAMPBELL BARNES | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *     CASE NO.: 1:23-cv-00436 |
| | * |
| WE-GETHSEMANE CEMETERY, LLC, | * |
| BRITTNEY CASH, OCTAVIA EDWARDS, | * |
| GERALD WILSON, MARSHERRIA | * |
| WILSON, TONY POOLE and J. SCOTT | * |
| WOODLEY | * |
| | * |
| Defendants. | * |

## AMENDED COMPLAINT

COMES NOW Plaintiff, LINDA CAMPBELL BARNES, by and through undersigned counsel, Christine Hernandez and Brooke K. Kelly of the Hernandez & Associates Firm, LLC, and hereby files this amended complaint against Defendants WE-GETHSEMANE CEMETERY, LLC, Brittney Cash, Octavia Edwards, Gerald E. Wilson, Marsherria Wilson, Tony Wilson Poole. As ground therefore, Plaintiff shows to the Court as follows:

### PARTIES AND VENUE

1.     Plaintiff, Linda Campbell Barnes, is over the age of nineteen (19) years, is and was at all times material herein, a resident of Mobile County, Alabama.

2.     Defendant, WE-Gethsemane Cemetery, LLC, is and was at all times material herein, a company qualified to conduct business in the State of Alabama.

3.     Defendant, Brittney Cash, is an individual, over the age of 19 (nineteen) years and at all times material hereto, upon information and belief, a resident of the State of Alabama at all times material hereto.

4.     Defendant, Octavia Edwards, is an individual, over the age of 19 (nineteen) years and at all times material hereto, upon information and belief, a resident of the State of Alabama at all times material hereto.

5. Defendant, Gerald E. Wilson, is an individual, over the age of 19 (nineteen) years. Defendant is a resident of the State of Texas but was conducting business in the State of Alabama at all times material hereto.

6. Defendant, Marsherria Wilson, is an individual, over the age of 19 (nineteen) years. Defendant is a resident of the State of Texas but was conducting business in the State of Alabama at all times material hereto.

7. Defendant, Tony W. Poole, is an individual, over the age of 19 (nineteen) years. Defendant is a resident of the State of Texas but was conducting business in the State of Alabama at all times material hereto.

8. Defendant, J. Scott Woodley, is an individual, over the age of 19 (nineteen) years. Defendant is a resident of the State of Texas but was conducting business in the State of Alabama at all times material hereto.

9. Venue is proper in Mobile County, Alabama because a substantial part or all parts of the events and omissions giving rise to Plaintiff's claims occurred in Mobile County, Alabama and the real property that is the subject of this action is situated in Mobile County, Alabama.

**FACTS**

10. On or about March 16, 1994, J. R. Barnes, Sr. purchased burial plots A, B, C, and D in Block 62, Garden 4A, at Gethsemane Perpetual Care Cemetery. (contract #00000162)

11. On or about J.R. Barnes., Sr., Plaintiff's father-in law, deeded her a burial plot at Gethsemane Cemetery located at Garden 4A, Section 62, Plot C, Quadrant 3. This was memorialized in contract #00000162.

12. On or about October 1, 2022, the Plaintiff's Mother, Elizabeth Belle, passed away. At that time Plaintiff met with Brittany Cash, an employee of the Defendant, acting as an agent for Defendant Gethsemane Perpetual Care Cemetery, and negotiated the purchase of the burial plot for her mother (contract #BC22-3445-50). Plaintiff was then told that she would be purchasing the burial plot at the foot of her already owned burial plot.

13. On or about October 4, 2022, Plaintiff paid cash in the amount of $3,750.00 for the plot located at 4A, 62, B2, to the Defendant for the burial of her mother. Additional funds, in the

amount of $7,000 more or less, was also paid to Defendant for additional fees and services rendered by the Defendant.

14. On or about January 10, 2023, once the headstone had been placed, Plaintiff visited her mother's grave and found that her mother was not buried in the correct plot. Plaintiff immediately went to the office to discuss the matter with the staff. Plaintiff first met with employee Brittany Cash, where she informed Ms. Cash that her mother had been buried in an incorrect plot. Soon after, another employee, known as Octavia Edwards, stated, "Technically, your mother will be at your feet." Plaintiff left Gethsemane Cemetery very upset and has not heard from the Defendant since that day.

15. Defendants have made no efforts to contact the Plaintiff, resolve the matter, reimburse her the cost, or apologized for their mistake. Since this discovery, Plaintiff has had trouble sleeping, flashbacks and is suffering from depression and anxiety.

## COUNT I – NEGLIGENCE

16. Plaintiff adopts and alleges paragraphs one (1) through fifteen (15) inclusively, as if fully set forth herein

17. Plaintiff adopts and realleges that the Defendants owed a duty to the Plaintiff to bury the Plaintiff's Mother, Elizabeth Belle, in the correct plot purchased on October 5, 2022, the plot that is documented on receipt #40098.

18. Defendants knowingly entered into a contract with the Plaintiff for the purchase and sale of the burial plot. Defendants breached their duty by failing to bury the Plaintiff's mother in the appropriate plot and in their failure to notify the Plaintiff of their mistake.

19. Due to the negligent actions of the Defendants, the Plaintiff's mother, Elizabeth Belle, was buried in the wrong burial plot. In order to rectify the mistake, the Plaintiff's mother's grave will have to be disturbed and Ms. Belle's body will have to be moved.

20. As a direct and proximate result of the Defendants negligence, their failure to ensure that the burial plot purchased by the Plaintiff were reserved, and their failure to bury the Plaintiff's Mother in the correct plot, the Plaintiff suffered and continues to suffer stress, anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other declaratory relief.

WHEREFORE, premises considered, the Plaintiff respectfully requests this Court issue Judgment against the Defendant in favor of the Plaintiff and award damages in the amount of $100,000.00 for willful neglect upon the Plaintiff, and for any such other, further, or different relief for which she may be entitled, including punitive damages and reasonable attorney's fee and the cost of this Action.

### COUNT II – WANTONNESS

21. Plaintiff realleges paragraphs one (1) through twenty (20) inclusively, as if fully set forth herein.

22. Plaintiff adopts and realleges that the Defendants owed a duty to the Plaintiff to bury the Plaintiff's Mother, Elizabeth Belle in the plot purchased on October 5, 2022.

23. Defendants willfully and knowingly entered into a written contract with the Plaintiff purchasing the burial plot. Defendants were aware that the Plaintiff's Mother was buried in the wrong burial plot, but purposely hid the information from the Plaintiff and never attempted to notify the Plaintiff of their mistake.

24. As a direct result of the Defendants reckless, conscious, and wanton disregard of the rights of the Plaintiff and her family, failure to notify them that Ms. Belle was not placed in the plot purchased and located at 4A 62 B2; Plaintiff suffered and continues to suffer stress, anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other declaratory relief.

WHEREFORE, the premises considered, the Plaintiff respectfully requests this Court issue Judgment against the Defendants in favor of the Plaintiff and award damages in the amount of $100,000.00 for willful wantonness upon the Plaintiff, and for any such other, further, or different relief for which she may be entitled, including punitive damages and reasonable attorney's fee and the cost of this Action.

### COUNT III – BREACH OF CONTRACT

25. Plaintiff adopts and realleges paragraphs one (1) through twenty-four (24) inclusively, as is set forth fully herein.

26. Plaintiff and Defendant knowingly and collectively entered into a contractual agreement in which the Plaintiff purchased plot 4A 62 B2 of Gethsemane Cemetery.

27. After the death of her mother, Elizabeth Belle, Plaintiff made arrangements with the Defendant to have her mother placed in burial plot 4A 62 B2. Defendants breached their contract with the Plaintiff.

28. Defendant breached the contract in place with the Plaintiff when Ms. Belle was buried an incorrect plot.

29. Defendants conduct constituted a material breach of the contract as written, and resulted in the misappropriation of the burial plot, thereby depriving the Plaintiff the benefit of the bargain, and resulting in undue mental and emotional anguish.

30. Defendant made affirmative representations that the plot was rightfully owned by the Plaintiff.

31. Defendant Gethsemane Perpetual Care Cemetery drafted and executed a contract reaffirming those representations.

WHEREFORE, the premises considered, the Plaintiff respectfully requests this Court award damages in the amount of $50,000.00, or any such other, further, or different relief to which she may be entitled, including punitive damages and reasonable attorney's fees and the cost of this Action.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DAMAGE

32. Plaintiff adopts and realleges paragraphs one (1) through thirty-one (31) as is set forth fully herein.

33. Plaintiff adopts and realleges that the Plaintiff and Defendants knowingly and purposely entered into a legally binding contract, for specific burial plot, so that her mother could be laid to rest near Plaintiff. Due to the negligence and wanton disregard of Plaintiff's rights and mishandling of the physical remains of the Plaintiff's loved one, Plaintiff's mother will now need to be exhumed and relocated, creating wrongful, unwarranted, and unnecessary added stress and emotional suffering.

34. Plaintiff reported to the Defendant immediately upon realizing that Ms. Elizabeth Belle was buried in the wrong plot. Defendants have failed to respond, in any fashion, to this report.

35. Due to the direct negligence of the Defendant, Plaintiff has suffered nightmares, anxiety, sleepless nights and emotional stress due to the Defendants complete disregard of the Plaintiff's loved ones remains.

WHEREFORE, the premises considered, the Plaintiff respectfully requests this Honorable Court issue Judgment against the Defendants in favor of the Plaintiff's and award damages in the amount of $1,500,000.00 for Intentional Infliction of Emotional Damage on the Plaintiff, and any other, further, or different relief for which she may be entitled, including punitive damages and reasonable attorney's fee and the cost of this action.

## COUNT V – ABUSE OF A CORPSE

36. Plaintiff adopts and realleges paragraphs one (1) through thirty -five (35) inclusively, as is set forth fully herein.

37. Plaintiff and her family were outraged and devastated to learn that Elizabeth Belle had been buried in the wrong plot. The Defendant knowingly treated Elizabeth Belle's remains in a manner that would outrage ordinary family sensibilities.

38. Due to Defendant's mistreatment of Elizabeth Belle's remains, Plaintiff has suffered nightmares, flash backs, anxiety, and extreme depression. She has been unable to properly grieve the death of her mother.

WHEREFORE, the premises considered, the Plaintiff respectfully requests this Honorable Court issue Judgment against the Defendants in favor of the Plaintiff and award damages in the amount of $350,000.00; for Abuse of a Corpse, and pain and suffering inflicted on the Plaintiff as a result of their actions, and any other, further, or different relief for which she may be entitled, including punitive damages and reasonable attorney's fee and the cost of this Action.

DATED this the 21st day of December, 2023.

## **CERTIFICATE OF SERVICE**

  I do hereby certify that on this 21st day of December 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all Counsel of record. If any of the following are not registered with the CM/ECF electronic filing system, I certify that a copy will be served by mailing a copy of the same by electronic mail and/or United States Mail, properly addressed and first-class postage prepaid, to wit:

Christopher Williams
Joel Rebecca Parks
Post Office Box 1499
Fairhope, Alabama 36533

Hand Arendall Harrison Sale, LLC
Post Office Box 123
Mobile, Alabama 36601

Gethsemane Cemetary
ATTN: Octavia Edwards
800 Mobile St #2003
Mobile, AL 36617

Gethsemane Cemetary
ATTN: Brittany Cash
800 Mobile St #2003
Mobile, AL 36617

                /s/ Christine Hernandez